UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
KIMELY LACHELL THEUS,            )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   Civil Action No. 15-1522 (ABJ)
                                 )
INTERNAL REVENUE SERVICE,        )
*Criminal Investigation Division*, *et al.*, )
                                 )
         Defendants.             )
                                 )

## MEMORANDUM OPINION

Plaintiff Kimely Lachell Theus, a resident of New York, filed a *pro se* complaint against The Board of Managers of the Savoy West Condominium, an entity located in New York City. Compl. [Dkt. # 1] ¶ 1. Theus' complaint purports to name the Internal Revenue Service, Criminal Investigation Division as a "Third Party Plaintiff," and requests, in the name of the United States, that the Internal Revenue Service "perform an Independent State Audit and Federal Investigation" to investigate alleged fraud by the defendants. *Id.* ¶¶ 1, 9. To the extent that the Court can understand plaintiff's largely unintelligible complaint, plaintiff's claim appears to arise out of a foreclosure action that was adjudicated in the New York state court. *See id.* ¶¶ 1, 3, Ex. C to Pl.'s Compl.

Plaintiff requests that the IRS "summons each Judge of the Supreme Court of the State of New York," to determine the standard by which judges in that state assess whether a bank has the authority to initiate foreclosure proceedings. *Id.* ¶ 4. Those judges, according to plaintiff, must ensure that a "proper Execution of Assignment was presented to the [c]ourt signed in 'original wet ink'" before a foreclosure process can commence. *Id.* ¶ 5. The Complaint next seems to seek to

assert a class action: that once plaintiff has determined that all foreclosures were not initiated properly, consumers may be "summonsed" to determine whether their rights have been violated under the "Truth-in-Lending laws of the State" or "Title I of the Consumer Credit Protection Act." *Id.* ¶ 6. Plaintiff does not assert a specific cause of action or a statement of the specific relief that she seeks against the defendant.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* In addition, "[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* when it is evident that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. §§ 1331 and 1332. "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 513. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of

the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citations omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in this case neither present a "federal question suitable for decision," *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), nor complete diversity of citizenship. Plaintiff's complaint does not seem to assert *any* claims against defendant, let alone any claims that arise under a federal law or the Constitution. To the extent that plaintiff seeks to allege a class action under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, or under any other federal statute, *pro se* plaintiffs are not qualified to appear in federal court as counsel for others. *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("A pro se litigant who is not trained as a lawyer is simply not an adequate class representative."). Further, plaintiff has no right to make the IRS a plaintiff in this action. *Cf.* Fed. R. Civ. P. 17(a)(2) (stating that only where a "federal statute so provides" may a plaintiff bring a suit in the name of the United States). Nor does the Court have the right to order the IRS or state authorities to undertake a criminal investigation. *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

As to diversity of citizenship, the caption of the complaint shows that plaintiff lives at the address of the defendant condominium. *See* Compl. The diversity statute requires that no two parties on opposing sides of an action may share states of citizenship. 28 U.S.C. § 1332(a)(1);

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Because plaintiff and defendant share the same domicile, there is not complete diversity.

Finally, the 10-page complaint lacks a "short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  October 30, 2015